UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
FEB 02 2016

| | |
|---|---|
| CLAYTON SHELDON CREEK,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS DAUGARRD, GOVERNOR OF SOUTH DAKOTA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF CORRECTIONS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT DOOLEY, CHIEF WARDEN, SOUTH DAKOTA D.O.C., IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND MARTY JACKLEY, ATTORNEY GENERAL OF SOUTH DAKOTA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 3:16-CV-03001-CBK<br><br>ORDER |

Plaintiff, an inmate at the South Dakota State Penitentiary, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants have no jurisdiction to imprison him. He seeks to proceed *in forma pauperis* without the payment of the filing fee. He has also filed a motion for a bench trial.

In an effort to curb the flood of nonmeritorious claims filed by prisoners, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The PLRA introduced a three strikes provision which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, for most three strikers, all future filing fees become payable in full upfront." Bruce v. Samuels, ___ U.S. ___, ___, ___ S.Ct. ___, ___, 2016 WL 112684 (January 12, 2016). The three strikes provision prevents this Court from affording *in forma pauperis* status when the plaintiff has been previously assessed three strikes under the PLRA. Coleman v. Tollefson, ___ U.S. ___, ___, 135 S.Ct. 1759, 1761, 191 L.Ed.2d 803 (2015).

As I previously set forth in my order in Creek v. Trimble, CIV 05-3026, Doc. 2, plaintiff has a long history of filing actions in the District of South Dakota challenging his 2000 state court rape conviction and his incarceration at the South Dakota State Penitentiary. He has previously been assessed three strikes pursuant to the PLRA and he has had, on two occasions, been barred from filing a new action under 42 U.S.C. § 1983 *in forma pauperis* because he has three strikes.

Plaintiff contends that the three strike provision of the PLRA does not apply to this action because he is seeking only injunctive relief, not monetary damages. Nowhere in the PLRA does Congress make any distinction between whether a prisoner "suit, action, or proceeding, civil or criminal, or appeal therein" seeks monetary or injunctive relief.

The three strikes rule includes a safety valve exception for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[A]bsent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," the imminent danger exception is not satisfied. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff's complaint seeks what he has been denied in his many previous habeas and § 1983 claims, release from prison. He has previously been advised that he cannot challenge his conviction under 42 U.S.C. § 1983. There is no question that plaintiff is in imminent danger of continuing to be incarcerated. He has not, however, satisfied the requirement that he be in danger of imminent serious physical injury. Plaintiff has not satisfied the imminent danger

exception to the three strikes rule. He is not entitled to pursue this action without the payment of the entire filing fee.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motions, Docs. 2 and 4, to allow him to proceed *in forma pauperis* despite his three prior strikes under the PLRA are denied.

2. Plaintiff's motion, Doc. 5, for a bench trial is denied.

3. Plaintiff's complaint is dismissed without prejudice.

DATED this 21st day of January, 2016.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge